HORN, Guardian, Plaintiff-Appellee, v. SCHEIDING, Defendant-Appellant.

Ohio Appeals, Second District, Darke County.

No. 744. Decided November 20, 1956.

Max Harley, Greenville, for plaintiff-appellee.
Spidel, Staley & Hole, Greenville, for defendant-appellant.

## OPINION

By THE COURT:

We have examined the record in this case and find that the Court committed no prejudicial error in ordering the caption on its docket corrected under the provisions of §2309.58 R. C. Counsel for the appellant cite the case of Oelzel v. Martin, 163 Oh St 512, which states in the first paragraph of the syllabus that the title of a case shall not be changed in any of its stages. It will be noted, however, in the cited case that an attempt was made to substitute a new party plaintiff and strike out the original. In speaking of change and amendment Judge Weygandt said at page 515:

"The authority of a court to permit such amendments is not unlimited. As summarized in 39 American Jurisprudence, 967, Section 99, the two tests ordinarily applied are, first, whether the same evidence will support both petitions, and, second, whether the same measure of damages will apply to both.

"In the instant case the trial court did not merely strike out one of a number of parties plaintiff or add a new party thereto. Instead, the court struck out the only original party plaintiff and substituted another. Furthermore, the original party plaintiff had no interest in the claim for damage to the automobile, and the new corporate party plaintiff, of course, had no interest in the claim for personal injuries or the claim for damage to the clothing of the original party plaintiff. The difference in the claims of the two parties is illustrated by the fact that in his petition the first plaintiff asked damages in the sum of $5,000, while the corporate plaintiff asked $2,000. Hence, the Court of Appeals was in error in holding a substitution proper under these circumstances."

In the case at bar the action was instituted by a proper complaint in bastardy being filed. This complaint contained no caption. It was never amended or changed in any manner. Hence, the proof required to obtain a verdict of guilty was never changed. The second paragraph of the syllabus of the cited case appears to us to permit the caption to be corrected in the case at bar. It provides:

"Under the provisions of §11363 GC (§2309.58 R. C.), before or after judgment in furtherance of justice and on such terms as it deems proper, the court may amend any pleading, process or proceeding by adding or striking out the name of any party or by correcting a mistake in the name of a party when the amendment does not substantially change the claim or defense."

It should be noted that this caption appeared only on the docket and journal entries and other miscellaneous matters which were never exhibited to the jury, and therefore it should not have been prejudicial. It appeared before the jury in only one instance and this was in an exhibit offered by the defendant and of which he may not complain.

We have read the entire testimony contained in the bill of exceptions and find that the question of the guilt of the defendant depended entirely upon the credibility of the witnesses, and it appears that the jury chose to believe those offered by the prosecution. We therefore cannot say that the judgment is not supported by the proper degree of proof.

We have examined the other errors assigned and find that none are well taken.

The judgment will be affirmed.

MILLER, PJ, HORNBECK and WISEMAN, JJ, concur.